776 So.2d 817 (2000)
C.Y.M.
v.
P.E.K.
2981263.
Court of Civil Appeals of Alabama.
January 28, 2000.
Rehearing Denied March 17, 2000.
Frank B. Angarola, Athens, for appellant.
Dan C. Totten, Athens, for appellee.
*818 CRAWLEY, Judge.
C.Y.M. (the "mother") and J.M. (the "husband") married in 1981. They had three children before they separated in 1991. The mother and her husband have never divorced. After the mother separated from her husband, she began living with P.E.K. (the "boyfriend"). In 1994, while living with the boyfriend, the mother gave birth to A.N.M.; the child's last name stated on the birth certificate is the husband's. The mother and the boyfriend stopped living together in February 1997. In February 1998, the mother filed a "Protection from Abuse" action against the boyfriend. The boyfriend answered and denied that he had ever abused the mother or the child. The boyfriend also filed a counterclaim, seeking to be declared the father of the child and to be awarded custody of the child. Following the presentation of ore tenus evidence, the trial court declared the boyfriend to be the father of the child and awarded him custody of the child. The mother appeals.
We conclude that the boyfriend did not have standing to establish his paternity of the child. An issue of standing, because it is an issue of subject-matter jurisdiction, does not have to be raised in the trial court to be considered by the appellate court ex mero motu. State v. Property at 2018 Rainbow Drive, 740 So.2d 1025 (Ala.1999).
It is undisputed that the child was born during the marriage of the mother and her husband, even though the record indicates that the child was conceived and born while the mother and the husband were separated. Therefore, the husband is the presumed father of the child. Ala.Code 1975, § 26-17-5(a)(1). Our supreme court has held that no one has standing to challenge a presumed father's paternity as long as the presumed father persists in claiming paternity of the child. Ex parte C.A.P., 683 So.2d 1010 (Ala.1996); Ex parte Presse, 554 So.2d 406 (Ala.1989). The husband is not a party to this action, and, also, there is no evidence as to whether he persists in or relinquishes his status as the presumed father.
The judgment of the trial court is reversed and the cause is remanded for the trial court to dismiss the boyfriend's action.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES and THOMPSON, JJ., concur.
MONROE, J., concurs in the result.
ROBERTSON, P.J., concurs in the result only.